IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | Cr. No. 2:10-653 |
| | § | (Civ. No. 2:17-378) |
| RODOLFO CERVANTES-DIAZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Rodolfo Cervantes-Diaz filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 along with a memorandum of law in support (D.E. 32). The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2017) (2255 Rules).

## I. BACKGROUND

Cervantes-Diaz pled guilty to possession with intent to distribute 7.906 kilograms of cocaine in 2010 and was sentenced to the statutory minimum sentence of 120 months' imprisonment. Cervantes-Diaz filed a notice of appeal, but his appeal was dismissed for want of prosecution on May 3, 2011. His present motion was filed on December 2, 2017.

## II. MOVANT'S ALLEGATIONS

Cervantes-Diaz alleges that his counsel provided ineffective assistance at sentencing by failing to argue safety valve, which would have relieved Cervantes-Diaz of the statutory minimum sentence and would have permitted the Court to grant his later motion for sentence reduction

pursuant to Amendment 782. Cervantes-Diaz further claims that he has worked hard to rehabilitate himself while imprisoned.

## III. STATUTE OF LIMITATIONS ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Cervantes-Diaz' conviction became final on August 1, 2011, 90 days after his appeal was dismissed. *See* SUP. CT. R. 13; *United States v. Franks*, 397 Fed. App'x 95 (5th Cir. 2010) (citing *Gamble*, 208 F.3d at 537). He was required to file his motion to vacate no later than August 1, 2012. Cervantes-Diaz' motion was filed no earlier than December 2, 2017,[2] nearly seven years too late unless an exception applies.

Cervantes-Diaz provides no facts to support equitable tolling or application of a different statute of limitations. As a result, his motion is untimely, and the Court may not consider the merits of his motion.

---

1. The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

2. *See* Rule 3(d), § 2255 Rules.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cervantes-Diaz has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Cervantes-Diaz is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

Cervantes-Diaz' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 32) is **DENIED** as untimely and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 24th day of July, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE